UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20135-CR-HUCK (S)

UNITED STATES OF AMERICA

vs.

DONNIEL LAVON KEYS,
    a/k/a "D,"

       Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Donniel Lavon Keys, through counsel, hereby stipulate and agree that had this matter proceeded to trial, the Government would have proven the following facts, among others, beyond a reasonable doubt:

D.S. is a sixteen-year-old girl. In or around October 2013, after the defendant was released from a period of incarceration, the defendant moved into a residence in the Country Walk area of southwestern Miami-Dade County with co-defendant Jones. In or around December 2013, the defendant and co-defendant Jones moved together to a house located at 14420 Monroe Street, Miami, Florida. Near the end of December 2013, D.S. and co-defendant Jones made contact through Facebook. Co-defendant Jones again picked up D.S. and brought her to the Monroe Street residence, where D.S. was introduced to the defendant. At the Monroe Street residence, D.S. engaged in further prostitution dates at the direction of the defendant, co-defendant Jones, and others. The defendant and co-defendant Jones arranged for advertisements offering D.S. for prostitution to be posted on the Internet, instructed D.S. on the procedure to be followed in conducting the prostitution dates and the prices that D.S. should charge, and ultimately came to keep all of the money that D.S. earned through prostitution dates.

The defendant decided that an ADT security system should be installed in the Monroe Street residence. The system's single camera was eventually installed in the room where prostitution dates were conducted by D.S. and by others. The defendant and co-defendant Jones were able to monitor, and did in fact monitor, the conduct of prostitution dates by D.S. through an ADT cell-phone application that provided a live feed of the video captured by the camera. The system further included the ability to record segments of video. D.S. was recorded by the security system on at least one occasion engaging in sexually explicit conduct during a prostitution date.

At all relevant times, the defendant knew, or acted in reckless disregard of the fact, that D.S. had not attained the age of eighteen years, and would be caused to engage in a commercial sex act.

The defendant's actions were in and affecting interstate and foreign commerce, in that the defendant employed means and facilities of interstate commerce, such as cellular telephones and the Internet, to cause D.S. to engage in a commercial sex act.

Date: 8/6/14            By: _____
                            VANESSA SINGH JOHANNES
                            ASSISTANT UNITED STATES ATTORNEY

Date: 8/6/14            By: _____
                            ALEXANDER MICHAELS
                            ATTORNEY FOR DONNIEL LAVON KEYS

Date: 8/6/14            By: _____
                            DONNIEL LAVON KEYS
                            DEFENDANT