**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NUMBER 14-20135-CR-HUCK/GARBER

UNITED STATES OF AMERICA,

       Plaintiff,                  **10th Floor Courtroom**

  vs.                                  **Miami, Florida**

DONNIEL LAVON KEYS,            **August 6, 2014**

       Defendant.

═══════════════════════════════════════════════

**PLEA COLLOQUY PROCEEDINGS**
**BEFORE THE HONORABLE BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**

═══════════════════════════════════════════════

**APPEARANCES:**

**FOR THE GOVERNMENT:**    BENJAMIN J. WIDLANSKI, AUSA
                                United States Attorney's Office
                                99 Northeast 4th Street
                                Miami, Florida 33128
                                              305.961.9342

**FOR THE DEFENDANT:**     ALEXANDER J. MICHAELS, ESQ.
                                999 Ponce De Leon Boulevard
                                Suite 750
                                Coral Gables, Florida 33134
                                              305.324.0547

**REPORTED BY:**           GILDA PASTOR-HERNANDEZ, RPR, FPR
                                Official United States Court Reporter
                                Wilkie D. Ferguson Jr. US Courthouse
                                400 North Miami Avenue - Suite 13-3
                                Miami, Florida  33128    305.523.5118
                                gphofficialreporter@gmail.com

**TABLE OF CONTENTS**

Page

Reporter's Certificate ...................................... 18

**EXHIBITS**

| Exhibits | Marked for Identification | | Received in Evidence | |
|---|---|---|---|---|
| Description | Page | Line | Page | Line |

1           (The following proceedings were held at 3:00 p.m.)
2           THE COURT:  Please be seated.
3           THE COURTROOM DEPUTY:  Case Number 14-20135-CR-Huck,
4  United States of America versus Donniel Lavon Keys.
5           Counsel please state your appearances for the record.
6           MR. WIDLANSKI:  Good afternoon, Your Honor.  Ben
7  Widlanski on behalf of the United States.
8           THE COURT:  All right.
9           MR. MICHAELS:  Good afternoon.  Alexander Michaels for
10 Mr. Keys who is present in front of the Court.
11          THE COURT:  All right, fine.  I just now received or
12 saw a copy of the Plea Agreement.  Under my order scheduling
13 this, that should have been provided to me at least yesterday.
14 Why was it not?
15          MR. WIDLANSKI:  I apologize, Your Honor.  I thought it
16 was provided.  It must have been just a mix-up on our end.  I
17 take full responsibility.  I apologize.
18          THE COURT:  All right.  Counsel, would you and your
19 client approach the podium?
20          MR. MICHAELS:  Yes, Your Honor.
21          THE COURT:  I note that Mr. Encinosa had previously
22 been counsel; is that correct?
23          MR. MICHAELS:  That's correct, Your Honor.
24          THE COURT:  When did you file your appearance?
25          MR. MICHAELS:  I don't know the exact date but --

```
 1              THE COURT:  I didn't see it in the record.  Did you
 2   file a Notice of Appearance?
 3              MR. MICHAELS:  Yes, sir, I sure did.
 4              THE COURT:  All right.
 5              Will you swear the defendant in, please?
 6              THE COURTROOM DEPUTY:  Please raise your right hand.
 7        (The defendant was sworn in by the courtroom deputy.)
 8              THE DEFENDANT:  Good morning -- good afternoon, Your
 9   Honor.
10              THE COURT:  Mr. Keys, I want you to understand you
11   could have these proceeding before a United States district
12   judge.  I'm a United States magistrate judge, but I understand
13   that you, your attorney and the Government have agreed to
14   proceed before me; is that correct?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  Does the Government agree?
17              MR. WIDLANSKI:  Yes, Your Honor.  I would just like to
18   flag for the Court that we still need to arraign the defendant
19   on the superseding --
20              THE COURT:  I'm going to do that.  Thank you.
21              Now, the Indictment in the case has been superseded by
22   the filing of an Information.
23              Counsel, have you and your client had an opportunity to
24   review that Information?
25              MR. MICHAELS:  Yes, Your Honor.
```

```
 1          THE COURT:  All right.  May we have the entry of a plea
 2   at this time?
 3          MR. MICHAELS:  Enter a plea of guilty at this time.
 4          THE COURT:  No, I want initially a plea of not guilty,
 5   because we're before the Court for a change of plea.
 6          MR. MICHAELS:  Okay, Judge.  I move at this time -- we
 7   enter a plea of not guilty.
 8          THE COURT:  All right.  And the purpose of your
 9   appearance here today?
10          MR. MICHAELS:  Is to change the plea, for a change of
11   plea.
12          THE COURT:  All right, sir.
13          Government, you can have a seat.
14          All right.  Mr. Keys, you've been placed under oath.
15   That oath requires you to answer all questions truthfully.
16   Should you not do so, I want you to understand that you could be
17   prosecuted for perjury or making a false statement, either of
18   which are very serious offenses.  Do you understand that?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  I'm going to be asking a series of
21   questions of you.  If you don't understand them, I want you to
22   feel free to ask your attorney or me to explain them to you.  Do
23   you understand?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  All right.  Tell me your full name.
```

```
 1           THE DEFENDANT:  Donniel Lavon Keys, sir.
 2           THE COURT:  And where were you born?
 3           THE DEFENDANT:  I was born here in Miami, Florida.
 4           THE COURT:  All right.  How old are you?
 5           THE DEFENDANT:  36.
 6           THE COURT:  How far did you go in school?
 7           THE DEFENDANT:  I went to --
 8           THE COURT:  Could you stand near the microphone,
 9  please?  How far?
10           THE DEFENDANT:  I went to like the tenth grade, Your
11  Honor.
12           THE COURT:  All right.  Have you been treated recently
13  for any mental illness or addiction to any kind of narcotics?
14           THE DEFENDANT:  No, sir.  I mean --
15           THE COURT:  You had trouble with that.  Have you ever
16  received treatment for --
17           THE DEFENDANT:  Yes, yes, yes.
18           THE COURT:  How long ago?
19           THE DEFENDANT:  I've been treated for quite some time
20  like from my childhood.
21           THE COURT:  All right.  Are you presently under
22  treatment?
23           THE DEFENDANT:  I mean, yes.
24           THE COURT:  Do you understand why you're here today?
25           THE DEFENDANT:  I'm under treatment but not --
```

```
 1              MR. MICHAELS:  Could I have a second, Judge, please?
 2              THE COURT:  All right.
 3              THE DEFENDANT:  No, sir.  I had misunderstood the
 4    question.
 5              THE COURT:  Pardon?
 6              THE DEFENDANT:  The question about the treatment, no,
 7    I'm not at this present moment under treatment, Your Honor.
 8              THE COURT:  Have you previously been under treatment?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  How long ago?
11              THE DEFENDANT:  Before I got incarcerated, based on
12    this.
13              THE COURT:  How long were you under treatment?
14              THE DEFENDANT:  From like I said, childbirth [sic].
15    I've been disabled.
16              THE COURT:  Do you understand why you're here today?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Tell me why.
19              THE DEFENDANT:  To enter a plea of guilty.
20              THE COURT:  All right.  As you stand before the Court
21    at this time, are you currently under the influence of any drug,
22    medication or alcoholic beverage?
23              THE DEFENDANT:  No, Your Honor.
24              THE COURT:  Have you received a copy of the
25    Information, the pending charges against you, and have you had
```

```
 1  an opportunity to discuss those with your attorney?
 2          THE DEFENDANT:  Yes, Your Honor.
 3          THE COURT:  And do you fully understand the charge to
 4  which you're pleading guilty?
 5          THE DEFENDANT:  Yes, Your Honor.
 6          THE COURT:  Are you satisfied with the representation
 7  that your attorney has given you in this case?
 8          THE DEFENDANT:  Yes, Your Honor.
 9          THE COURT:  Now, I understand there's a Plea Agreement.
10  Before signing that Plea Agreement, did you have an opportunity
11  to read it and discuss it with your lawyer?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Does the Plea Agreement represent in its
14  entirety the total understanding that you have with the
15  Government regarding this case?
16          THE DEFENDANT:  Can you repeat that, Your Honor?  I'm
17  sorry.
18          THE COURT:  Does this Plea Agreement have the entire
19  understanding that you have with the Government in this case?
20          THE DEFENDANT:  Yes, Your Honor, yes.
21          THE COURT:  Do you understand the terms of the Plea
22  Agreement?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Do you have any questions about it?
25          THE DEFENDANT:  No, Your Honor.
```

1           THE COURT:  Has anyone made any promise or assurance
2  that's not in the Plea Agreement in order to get you to sign it?
3           THE DEFENDANT:  No, Your Honor.
4           THE COURT:  Has anyone threatened you in any way to get
5  you to sign the Plea Agreement?
6           THE DEFENDANT:  No, Your Honor.
7           THE COURT:  Now, you understand the terms of the Plea
8  Agreement are merely recommendations to the Court and the Court
9  could reject those recommendations without permitting you to
10 withdraw your plea of guilty, and the Court could impose a
11 sentence that's more severe than one you may anticipate.  Do you
12 understand that?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  Do you understand that if the Court should
15 choose not to follow the terms of the Plea Agreement, then you'd
16 be given the opportunity to withdraw your plea of guilty; and if
17 you chose not to do so, the Court may impose a more severe
18 sentence without being bound by the terms of the Plea Agreement?
19 Do you understand that, sir?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  Counsel, were all formal offers made by the
22 Government conveyed to your client by you?
23          MR. MICHAELS:  Yes, Your Honor, and for the record to
24 make --
25          THE COURT:  I'm sorry?

```
 1        MR. MICHAELS:  I said, yes, and for the record, to make
 2   the record clear, I know Mr. Keys for a while before this case
 3   and I met with him and I have no question in my mind that he's
 4   capable and competent to take the plea.
 5        THE COURT:  All right.  In other words, this Plea
 6   Agreement, however, is a result of all efforts to arrive at an
 7   agreement; is that correct?
 8        MR. MICHAELS:  You're asking me or him?
 9        THE COURT:  Pardon?
10        MR. MICHAELS:  Are you asking me or him?
11        THE COURT:  I'm asking you.
12        MR. MICHAELS:  Yes.
13        THE COURT:  Has anyone attempted in any way to force
14   you to plead guilty or otherwise threatened you?
15        THE DEFENDANT:  No, Your Honor.
16        THE COURT:  Has anyone made any promise or assurance of
17   any kind to get you to plead guilty other than what's in the
18   Plea Agreement?
19        THE DEFENDANT:  No, Your Honor.
20        THE COURT:  Are you pleading guilty of your own free
21   will, simply because you are guilty as charged in the
22   Information?
23        THE DEFENDANT:  Yes, Your Honor.
24        THE COURT:  Now, the offense to which you are pleading
25   guilty is a felony, and upon acceptance of your plea of guilty,
```

the Court will then adjudicate you guilty of that offense and such adjudication may deprive you of valuable civil rights; such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm. Those are the things that you would lose. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you a citizen of the United States?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that upon a conviction for the offense to which you're charged, this will likely result in future restriction on where you may live or work and with whom you may associate? Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You've discussed that with your lawyer?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, the maximum penalty provided by law for this offense is as follows: A term of imprisonment of up to 10 years, followed by a term of supervised release of up to three years following the completion of imprisonment. In addition, there's a fine of up to $250,000, and you're subject to the forfeiture set forth in the Indictment.

By your plea of guilty, you're waiving your right to contest that forfeiture. Do you understand?

THE DEFENDANT: Yes, Your Honor.

1                THE COURT:  Government has something to say?
2                MR. WIDLANSKI:  Yes, Your Honor.
3                I think the maximum term of imprisonment is actually
4     life.  There's a minimum term of imprisonment of 10 years.
5                THE COURT:  All right.  That's correct.
6                The term of imprisonment is minimum of 10 years
7     imprisonment which could be up to life depending upon the judge.
8     Do you understand that?
9                THE DEFENDANT:  Yes, Your Honor.
10               THE COURT:  Now, I've told you that you would be on
11    supervised release following any release from imprisonment.
12    Supervised release is a program somewhat like being on
13    probation.  It requires you to report to a supervising officer,
14    to obey all orders of the Court and to comply with his orders
15    and directions.
16               Should you violate the terms of your supervised
17    release, I want you to understand that you likely would be
18    brought back before the Court and could face additional
19    punishment.  Do you understand that?
20               THE DEFENDANT:  Yes, Your Honor.
21               THE COURT:  All right.  Do you understand --
22               MR. MICHAELS:  Judge, may I have a second, please?
23               THE COURT:  Yes.
24               MR. MICHAELS:  He's trying to tell me something.
25          (There was a brief discussion off the record.)

```
 1              THE COURT:  All right, sir.
 2              MR. MICHAELS:  That's fine, Judge.  No problem.
 3              THE COURT:  Was there something I should be concerned
 4     with?  Did he ask you --
 5              MR. MICHAELS:  Absolutely not.  I would let you know.
 6              THE COURT:  All right.  Do you understand all the
 7     possible consequences of your plea of guilty that we've
 8     discussed?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  Now, I mentioned that, or at least, the
11     Court will consider certain factors with regard to imposing a
12     sentence in this case.  The Court will consider the Advisory
13     Sentencing Guidelines, possible departures from those guideline
14     ranges and other statutory sentencing factors.
15              Have you had a discussion with your attorney as to how
16     the guidelines might affect your sentence?
17              THE DEFENDANT:  Yes, Your Honor.
18              THE COURT:  Have you had that discussion with him,
19     counsel?
20              MR. MICHAELS:  Yes, sir.
21              THE COURT:  Do you understand how the guidelines would
22     affect you then?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Now, the Court will not be able to
25     determine what your advisory guideline range is until after a
```

1  Presentence Report has been prepared, and following the
2  completion of that report, you and/or the Government have the
3  right to object to all or part of it. And the Court then would
4  have to rule on those objections and the sentence ultimately
5  imposed may be different from any estimate that your attorney
6  might have given.
7         Now, once your advisory guideline range has been
8  determined, the Court under certain circumstances can depart
9  upward or downward from that range and that may result in the
10 imposition of a sentence that is either greater or lower, lesser
11 than the advisory guideline range. Do you understand that?
12         THE DEFENDANT: Yes, Your Honor.
13         THE COURT: Do you also understand there's no such
14 thing as parole in the federal system any longer?
15         THE DEFENDANT: Yes, Your Honor.
16         THE COURT: Now, do you also understand that under
17 certain circumstances you or the Government have the right to
18 appeal any sentence imposed or raise any such issues that you
19 think are appropriate to the appellate court. Do you understand
20 that?
21         THE DEFENDANT: Yes, Your Honor.
22         THE COURT: Now, do you understand that by entering
23 into the Plea Agreement and entering a plea of guilty, you would
24 have waived or given up your right to a trial in this matter?
25 Do you understand?

1        THE DEFENDANT:  Yes.

2        THE COURT:  Now, I also have a series of questions to
3   ask you, and if you don't understand them, ask your lawyer or
4   me.

5        Do you understand that you have the right to plead not
6   guilty and to persist in that plea of not guilty, and if you did
7   so, then you'd have a right to a trial by jury.  You would enter
8   into that trial presumed to be innocent of any charge and that
9   presumption of innocence would remain with you until such time
10  as the Government, if it can, proves your guilt beyond and to
11  the exclusion of a reasonable doubt.

12       If you elected to go to trial, you'd have the right to
13  the assistance of an attorney, one appointed by the Court should
14  you not be able to afford one; and at trial, you'd have the
15  right to see and hear all witnesses and have them cross-examined
16  by your attorney.  And on your own part, you'd have the right to
17  decline to testify or offer a defense unless you voluntarily
18  chose to do so, and if you went to trial, you'd have the right
19  to compel the attendance of any witnesses that you'd wish to
20  testify in your behalf.  Do you understand?

21       THE DEFENDANT:  Yes.

22       THE COURT:  If you went to trial and decided not to
23  testify or offer a defense, those facts cannot be used against
24  you in any way.

25       Do you further understand that by entering your plea of

1  guilty and upon acceptance of that plea by the Court, there will
2  be no trial, and you would have waived or given up your right to
3  a trial as well as those other rights that we've discussed.  Do
4  you understand that, sir?
5          THE DEFENDANT:  Yes, Your Honor.
6          THE COURT:  All right.  The nature of the charge to
7  which you are pleading guilty as set forth in the Information is
8  as follows:
9          On the dates set forth in the Information, in
10 Miami-Dade County in the Southern District of Florida and
11 elsewhere, that you did knowingly and affecting interstate and
12 foreign commerce recruit, entice, harbor, transport, provide,
13 obtain and maintain by any means a person, that is, a minor, DS
14 initials, knowing, and in reckless disregard to the fact that DS
15 had not yet attained the age of 18 years and would be caused to
16 engage in a commercial sex act in violation of Title 18, United
17 States Code, Sections 1591(a)(1) and (b)(2) and 2.
18         Do you understand that's the charge to which you're
19 pleading guilty?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  Excuse me.  Do you have any questions about
22 that charge?
23         THE DEFENDANT:  No, sir.
24         THE COURT:  I understand there's been a proffer of
25 facts prepared and executed by the parties; is that correct?

1          MR. MICHAELS:  Yes, sir.

2          THE COURT:  Does the Government agree?

3          MR. WIDLANSKI:  Yes, Your Honor.

4          THE COURT:  In lieu of having the defendant tell us
5  what he's charged with, may we agree that that proffer can be
6  made part of the record?

7          MR. MICHAELS:  Yes, sir.

8          MR. WIDLANSKI:  Yes, Your Honor.

9          THE COURT:  All right.  Now, I ask you, Mr. Keys, how
10 do you plead to the charge set forth in the Information; guilty
11 or not guilty?

12         THE DEFENDANT:  I plead guilty.

13         THE COURT:  It's the finding of the Court in the case
14 of United States of America versus Donniel Lavon Keys that the
15 defendant is fully competent and capable of entering an informed
16 plea, that the defendant is aware of the nature of the charges
17 and the consequences of his plea, and the plea of guilty is a
18 knowing and voluntary plea supported by an independent basis in
19 fact containing each and all of the elements of the offense,
20 material elements to the offense.  The plea is, therefore,
21 accepted and defendant is now adjudged guilty of that offense.

22         As I indicated, the Court will rely to some degree on a
23 Presentence Report.  In order for that report to be prepared,
24 Mr. Keys, it's necessary for you and your attorney to meet with
25 the probation officer and provide such information as may be

```
 1  needed to prepare that report.
 2          I note the defendant is in custody.  Is it the
 3  Government's recommendation that he remain in custody pending
 4  sentence?
 5          MR. WIDLANSKI:  It is, Your Honor.
 6          THE COURT:  That recommendation is made an order of the
 7  Court.
 8          Is there anything further to consider at this time?
 9          MR. MICHAELS:  No, Your Honor.  Thank you.
10          MR. WIDLANSKI:  Nothing from the Government, Your
11  Honor.  Thank you.
12          THE COURT:  All right.  Thank you very much.
13          MR. MICHAELS:  Thank you, Judge.  Have a nice day.
14          THE COURT:  Thank you.
15      (The hearing was concluded at 3:25 p.m.)
16
17                    C E R T I F I C A T E
18          I hereby certify that the foregoing is an accurate
19  transcription of proceedings in the above-entitled matter.
20
21   __10-21-14_____       _____
           DATE             GILDA PASTOR-HERNANDEZ, RPR, FPR
22                          Official United States Court Reporter
                            Wilkie D. Ferguson Jr. U.S. Courthouse
23                          400 North Miami Avenue, Suite 13-3
                            Miami, Florida  33128   305.523.5118
24                          gphofficialreporter@gmail.com
25
```